UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-84-TAV-CCS |
| | ) | |
| NOAH KEITH TIPTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 20, 2015, for a pretrial conference and motion hearing. Assistant United States Attorney Cynthia Davidson appeared on behalf of the Government. Attorney Jonathan A. Moffatt represented the Defendant, who was also present.

During the hearing, the Defendant made an oral motion to continue the September 1, 2015 trial. The Defendant recently filed a Motion to Suppress Evidence and Memorandum in Support [Doc. 14] on August 13, 2015. The Defendant and the Government agreed that there is not enough time for the undersigned to issue a report and recommendation on the motion to suppress, the parties to file any objections, and the District Judge to rule on the motion before the trial. The Government stated it had no objection to a continuance. Based upon the Defendant's motion to suppress, the parties agreed on a new trial date of January 12, 2016, and that all time between the hearing and the new trial date was fully excludable under the Speedy Trial Act. The Court questioned the Defendant who stated he understood he had a right to a

1

speedy trial and agreed to waive that right so that this matter could be continued to allow a hearing and ruling on his motion to suppress.

The Court finds the Defendant's oral motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that a continuance is warranted in light of the Defendant's recently filed motion to suppress. See 18 U.S.C. § 3161(h)(1)(D). After the Government responds to the motion to suppress, the Court will conduct an evidentiary hearing on the motion. Once all briefing is completed, the Court will need time, not to exceed thirty days, to prepare a report and recommendation on this motion. See 18 U.S.C. § 3161(h)(1)(H). Following the filing of the report and recommendation, the parties will need time to file any objections, and the District Court will need time to rule upon the report and recommendation and any objections. Finally, the parties will need time to prepare for trial after receiving a ruling on this motion. The Court finds that all of this could not take place before the September 1, 2015 trial date, or in less than four-and-one-half-months. The failure to grant a continuance would deprive the Defendant of the time to secure a ruling on the pending motion and to prepare for trial in light of that ruling. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Thus, the Defendant's oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **January 12, 2016**. The Court also finds, and the parties agree, that all the time between the August 20, 2015 hearing and the new trial date of January 12, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling, a hearing on the

Defendant's motion to suppress is set for **September 10, 2015 at 1:30 p.m.** before the undersigned. The Government must file a response to the motion on or before **August 27, 2015**. The deadline for concluding plea negotiations is **December 14, 2015**. In addition, the Court instructs the parties that all motions *in limine* must be filed no later than **December 28, 2015**. Lastly, special requests for jury instructions shall be submitted to the District Court no later than **December 31, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 12, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States Chief District Judge;

(3) All time between the **August 20, 2015** hearing, and the new trial date of **January 12, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A hearing on the Defendant's motion to suppress is set for **September 10, 2015, at 1:30 p.m.**, before the undersigned;

(5) The new deadline for concluding plea negotiations is **December 14, 2015**;

(6) Motions *in limine* must be filed no later than **December 28, 2015**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **December 31, 2015**.

**IT IS SO ORDERED.**

ENTER:

\_\_\_s/ C. Clifford Shirley, Jr.\_\_\_
United States Magistrate Judge